**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Maggie K. Realin (SBN 263639)
mrealin@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

Attorneys for Plaintiff Laura Seisinger

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SEISINGER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COLOR IMAGE APPAREL D/B/A ALO YOGA, a California Corporation; ALO, LLC, a California Corporation; and DOES 1 through 100, Inclusive<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTIONS 17200,** *et seq.*<br>2. **VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE SECTIONS 17500,** *et seq.*<br>3. **VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE SECTIONS 1750,** *et seq.*<br>4. **BREACH OF WARRANTY**<br>5. **UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiff LAURA SEISINGER ("Plaintiff"), on behalf of herself, all others

2  similarly situated, and the general public, by and through the undersigned

3  counsel, and upon information and belief and investigation of counsel, hereby

4  alleges as follows against COLOR IMAGE APPAREL D/B/A ALO YOGA, and

5  ALO, LLC, and DOES 1 through 100 ("Alo" or "Defendants"):

6                                **PARTIES**

7    1.    Plaintiff, Ms. Laura Seisinger, is, and was at all relevant times herein

8  mentioned, a resident of Arizona who purchased Alo products online for herself.

9    2.    Plaintiff is informed and believes and thereon alleges that Defendant

10  COLOR IMAGE APPAREL d/b/a ALO YOGA is a California corporation,

11  registered and headquartered in California, and doing business in California,

12  around the United States, and the United States. Alo owns the website

13  https://www.aloyoga.com, and the corresponding mobile application.

14    3.    Defendant ALO, LLC is a California corporation registered and

15  headquartered in California, at 9830 Wilshire Blvd., Beverly Hills, California

16  90212, doing business in California, around the United States, and worldwide.

17    4.    Discovery will reveal the specific roles and responsibilities of each

18  of the Alo entities in relation to the allegations set forth in the Complaint.

19    5.    Plaintiff is further informed and believes and thereon alleges that

20  Defendants are and were at all relevant times admitted to do and do conduct

21  business within the State of California, the County of Los Angeles and this

22  judicial district under the laws of the State of California.

23    6.    Plaintiff is informed and believes and thereon alleges that Alo

24  produces and/or sells a variety of yoga-related and other clothing products and

25  accessories, as well as shoes, skincare, bodycare, home essentials, haircare,

26  supplements, bags, and fragrances. Alo products are sold mostly online.

27    7.    Plaintiff is unaware of the true names, capacities, relationships, and

28  extent of participation in the conduct alleged of Defendants sued as DOES 1

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

through 100, but is informed and believes and based on that alleges the DOE Defendants are legally responsible for the wrongful conduct alleged, and sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

8.      Plaintiff is informed and believes and based thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributed to the other Defendants.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, including the purchases and sales giving rise to this action occurred in this District and Defendant is authorized to conduct business in this District and has intentionally availed itself of the laws and markets of this District through promotion, marketing, distribution, and sale of its products in this District.

## INTRODUCTION

11.     In or around early August 2025, Plaintiff made a purchase through Defendant Alo's website. During the transaction process, Alo prominently advertised a "Welcome Gift" valued at $24, available to customers who spent at least $150.

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101



17    12.    Alo's website included a dynamic message indicating how much

18  more a customer needed to spend to qualify for the "$24-value" Welcome Gift. In

19  reliance on this representation, Plaintiff added additional items to her cart and

20  completed the purchase specifically to meet the minimum purchase requirement

21  for the gift.

22    13.    Upon receiving the order, Plaintiff discovered that the purported

23  $24-value Welcome Gift was, in fact, a small, 0.2 fl oz sample packet of body

24  wash—substantially less than the promised value and inconsistent with

25  reasonable consumer expectations based on Alo's representations.

26  / / /

27  / / /

28  / / /

Class Action Complaint



14.    The $24-value Welcome Gift is a 6.7 fl. oz full-size Mega-C Body Wash (see https://www.aloyoga.com/products/b2010f-mega-c-body-wash?srsltid=AfmBOope7-vDme1NcmiOK2lDdGg2ZA-F1BdKPuWdo-Q4eXezoshX1r7c, last visited September 24, 2025), which Plaintiff did not receive as part of her order.



15.    Plaintiff used Alo's customer support system to inquire about the discrepancy. The automated system initially confirmed that the Welcome Gift

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

4

Class Action Complaint

was supposed to be a full-sized item valued at $24, and then connected Plaintiff with a live customer service representative.

16.    Contrary to the AI system's confirmation and the express representations made on the website, Alo's customer service representative informed Plaintiff that the item was merely a sample and stood by that explanation, despite Plaintiff's objections.

17.    Only after Plaintiff refused to accept this explanation did Alo offer a 10% discount on a future purchase—further acknowledging that the item received did not meet the promised value. The 10% discount offered by Alo as a purported remedy would require Plaintiff to spend approximately $240 in a future transaction in order to receive a $24 benefit—effectively shifting the burden of the original misrepresentation onto the consumer and further compounding the economic harm.

18.    On information and belief, Alo has engaged in a pattern and practice of advertising a "Welcome Gift" of a stated monetary value to induce purchases, only to provide materially less valuable items to consumers, thereby misleading reasonable consumers and violating applicable consumer protection laws.

19.    Approximately two weeks after Plaintiff's first purchase, Plaintiff learned of Alo's promotional campaign offering a "Birthday Gift" purportedly valued at $35 for purchases made during a customer's birthday month.

20.    Relying on this representation, Plaintiff placed a second order through Alo's website during her birthday month with the expectation of receiving the advertised $35-value Birthday Gift.

/ / /

/ / /

/ / /

/ / /

/ / /

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint



21.    Despite the promotional promise, the "gift" included with Plaintiff's order was, once again, a small sample packet of body wash—identical or nearly identical to the item previously misrepresented as the $24 Welcome Gift.

22.    Plaintiff contacted Alo's customer service to report the discrepancy and express concern that the Birthday Gift promotion was similarly misleading. In response, Alo again offered only a 10% discount on a future purchase.

23.    Plaintiff informed Alo that its promotional practices were deceptive, noting that a 10% discount would require spending $350 to realize the promised $35 value—thereby placing the onus on the consumer and failing to provide the represented benefit.

24.    On information and belief, Just like the "Welcome Gift" promotion Alo's Birthday Gift promotion was part of a broader pattern of deceptive marketing practices designed to induce purchases by promising high-value "gifts" that were never intended to be fulfilled as advertised.

25.    Had Plaintiff known that Alo would provide only a sample product of significantly less than the advertised $35 value, Plaintiff would not have made a purchase during her birthday month in reliance on receiving the Birthday Gift. As a result of Defendants' misrepresentations, Plaintiff was induced to make a purchase she otherwise would not have made, thereby suffering economic harm.

26.    Plaintiff brings this action on behalf of herself and similarly situated individuals who were misled by Alo's false and deceptive marketing of Alo's "Gift" promotions and who suffered economic injury as a result of Alo's misrepresentations.

1

2

3

4

5

6

7

8

9

10

11

12

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27.     Alo's false advertising and misrepresentations similarly misled other consumers in California and throughout the United States to their economic impediment. As an example, one other misled consumer stated online, "I spent $200 on my first order for a promo [Alo] had for a free gift and they forgot to sent it. They told me they couldn't send it again and gave me a coupon for 10% off. Like why would I spend more money????????!!"

28.     By using these deceptive statements and representations, Defendants have implemented a misleading marketing and advertising strategy that has impacted consumers both in California and across the United States. Defendants did so in an effort to boost profits and gain an unfair competitive advantage over companies who comply with applicable consumer protection laws. Defendants' conduct is false, misleading, and unlawful.

29.     Plaintiff brings this action individually and on behalf of those similarly situated to represent a Nationwide Class and a California Subclass of consumers who purchased Defendants' products and were promised additional products advertised as having a specific monetary value, but who instead received products of substantially lesser value than represented.

30.     Plaintiff seeks an order compelling Alo to: (1) cease marketing its "Welcome Gift" and/or "Birthday Gift" and/or other "Gift" promotions using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign, (3) restore the amounts by which Alo was unjustly enriched, and (4) destroy all misleading and deceptive materials and products.

31.     Plaintiff individually and on behalf of the Class, seeks monetary relief for the difference in value between the products promised and those actually received as a result of Defendants' deceptive and misleading practices. Plaintiff also seeks restitution, disgorgement of Defendant's ill-gotten gains, and any other relief permitted by law, including statutory penalties where applicable. In addition, Plaintiff seeks a permanent injunction to prohibit Defendants from

7

1  continuing its unlawful and deceptive advertising practices, for the benefit of
2  Plaintiff, the Class, and the general public.

3      32.    Defendant's conduct is false, misleading, and unlawful. Defendants'
4  unfair, unlawful, deceptive, and misleading representations of the value of the
5  products described as Welcome Gift, Birthday Gift, or other similar Gifts, were
6  created, authorized, ratified, and/or approved by Defendants and its agents with
7  the intent to mislead and deceive consumers in California into purchasing
8  Defendants' products.

9      33.    Defendants had knowledge of the falsity of these representations at
10 the time they were made. Furthermore, at all relevant times, Defendants
11 possessed the authority and ability to correct the false and misleading
12 representations, including during the period leading up to and through the events
13 giving rise to the claims asserted herein—specifically, Plaintiff's purchases and
14 the purchases made by all Class Members.

15                    **CLASS ACTION ALLEGATIONS**

16     34.    Plaintiff brings this action as a class action pursuant to Federal Rules
17 of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3) on behalf of herself and all
18 others similarly situated, and as members of the Class defined as follows:

19 All residents of the United States who, within four years before the filing of
20 this action, made a purchase from Defendants' website, satisfied the
   minimum purchase amount required to receive a product described as a
21 "Welcome Gift" and/or any other "Gift" advertised as having a certain value,
22 and received a product of materially lesser value than represented.
   ("**Nationwide Gift Class**"); and
23
24 All residents of the United States who, within four years before the filing of
   this action, made a purchase from Defendants' website during their birthday
25 month, and included in that purchase was a product described as a "Birthday
26 Gift" advertised as having a certain value, and received a product of
   materially lesser value than represented ("**Nationwide Birthday Gift
27 Class**"); and
28
   All residents of California who, within four years before the filing of this

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

action, made a purchase from Defendants' website, satisfied the minimum purchase amount required to receive a product described as a "Welcome Gift" and/or any other "Gift" advertised as having a certain value, and received a product of materially lesser value than represented ("**California Gift Subclass**"); and

All residents of California who, within four years before the filing of this action, made a purchase from Defendants' website during their birthday month, and included in that purchase was a product described as a "Birthday Gift" advertised as having a certain value, and received a product of materially lesser value than represented ("**California Birthday Gift Subclass**").

(the "Nationwide Gift Class," "Nationwide Birthday Gift Class," "California Gift Subclass," and "California Birthday Gift Subclass" are collectively referred to as the "Class").

35.    Plaintiff reserves the right to modify or amend the definitions of the Class and/or Subclasses after she has had an opportunity to conduct discovery.

36.    ***Numerosity. FRCP 23(a)(1).*** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the proposed Class contains at least thousands of purchasers of Defendants' products who have been damaged by Defendant's conduct as alleged herein. The number of Class Members is unknown to Plaintiff but could be discerned from the records maintained by Defendant.

37.    ***Existence of Common Questions of Law and Fact. FRCP 23(a)(2).*** This action involves common questions of law and fact, which include, but are not limited to, the following:

      a.    Whether Defendants engaged in unlawful, unfair, or deceptive business practices when advertising the "Welcome Gift" and/or "Gift" and/or "Birthday Gift";

      b.    Whether Defendants' conduct of inducing consumer to satisfy the minimum spending thresholds in order to receive the certain value Welcome Gift and/or Gift and/or Birthday Gift when these gifts are

Class Action Complaint

of substantially less value constitute an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code sections 1750, *et seq.*;

c. Whether Defendants used a deceptive representation in connection with the "Welcome Gift" and/or "Gift" and/or "Birthday Gift" promotions in violation of Civil Code sections 1750, *et seq.*;

d. Whether Defendants represented that "Welcome Gift" and/or "Gift" and/or "Birthday Gift" have characteristics or qualities that they do not have in violation of Civil Code sections 1750, *et seq.*;

e. Whether Defendants advertised "Welcome Gift" and/or "Gift" and/or "Birthday Gift" with intent not to provide them as advertised in violation of Civil Code sections 1750, *et seq.*;

f. Whether Defendants' marketing and advertising of the values of "Welcome Gift" and/or "Gift" and/or "Birthday Gift" are untrue or misleading in violation of Business and Professions Code sections 17500, *et seq.*;

g. Whether Defendants knew or by the exercise of reasonable care should have known its marketing and advertising of the values of "Welcome Gift" and/or "Gift" and/or "Birthday Gift" were and are untrue or misleading in violation of Business and Professions Code sections 17500, *et seq.*;

h. Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

i. Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

j. Whether Defendants' conduct is an unlawful business practice within

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

10

the meaning of Business and Professions Code sections 17200, *et seq.*;

k.  Whether Plaintiff and the Class paid more money for Defendants' products in order to receive the certain value Welcome Gift and/or Gift than they actually received;

l.  Whether Plaintiff and the Class were induced to make purchases during their birthday month based on Defendants' representation that they would receive a certain value Birthday Gift, and whether the product they received was of materially lesser value than advertised.

m.  Whether Defendants' conduct constitutes breach of warranty;

n.  Whether Plaintiff and the Class are entitled to injunctive relief; and

o.  Whether Defendants were unjustly enriched by its unlawful conduct;

38.  ***Typicality. FRCP 23(a)(3).*** All members of the Class have been subject to and affected by the same conduct and omissions by Defendants. The claims alleged herein are based on the same violations by Defendants that harmed Plaintiff and members of the Class. Plaintiff's claims are typical of the Class's claims and do not conflict with the interests of any other members of the Class. Defendants' unlawful, unfair, deceptive, and/or fraudulent actions and breaches of warranty concern the same business practices described herein irrespective of where they occurred or were experienced.

39.  ***Adequacy. FRCP 23(a)(4).*** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

40.  ***Injunctive and Declaratory Relief. FRCP 23(b)(2).*** Defendants' actions regarding the deceptions and omissions regarding the value of the Welcome Gift and/or Gift and/or Birthday Gift are uniform as to members of the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

11

1  Class. Defendants have acted or refused to act on grounds that apply generally to
2  the Class, so that final injunctive relief as requested herein is appropriate
3  respecting the Class as a whole.

4      41.    ***Predominance and Superiority of Class Action. FRCP 23(b)(3).***
5  Questions of law or fact common to the Class predominate over any questions
6  affecting only individual members and a class action is superior to other methods
7  for the fast and efficient adjudication of this controversy, for at least the following
8  reasons:

9          a. Absent a class action, members of the Class as a practical matter will
10             be unable to obtain redress, Defendants' violations of its legal
11             obligations will continue without remedy, additional consumers will
12             be harmed, and Defendants will continue to retain its ill-gotten gains;

13         b. It would be a substantial hardship for most individual members of
14             the Class if they were forced to prosecute individual actions;

15         c. When the liability of Defendants have been adjudicated, the Court
16             will be able to determine the claims of all members of the Class;

17         d. A class action will permit an orderly and expeditious administration
18             of each Class member's claims and foster economies of time, effort,
19             and expense;

20         e. A class action regarding the issues in this case does not create any
21             problems of manageability; and

22         f. Defendants have acted on grounds generally applicable to the
23             members of the Class, making class-wide monetary relief
24             appropriate.

25     42.    Class treatment is appropriate under FRCP 23(a) and both 23(b)(2)
26  and 23(b)(3). Plaintiff does not contemplate class notice if the Class is certified
27  under FRCP 23(b)(2), which does not require notice, and notice via publication if
28  the Class is certified under FRCP 23(b)(3) or if the Court determines class notice

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

12

is required notwithstanding that notice is not required under FRCP 23(b)(2). Plaintiff will, if notice is required, confer with Defendants and seek to present the Court with a stipulation and proposed order on the details of a class notice plan.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violations of the California Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (On Behalf of the California Subclasses)

43.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

44.    California Bus. & Prof. Code sections 17200, *et al.* (the "UCL") prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

45.    Defendants, in their advertising and marketing of promotional "Welcome Gifts" and/or "Gifts" and/or "Birthday Gifts," made misleading statements regarding the value and nature of those gifts, falsely representing that consumers would receive products valued at certain amounts, when in fact they received sample-sized products of substantially lesser value.

46.    Defendants had superior knowledge that the promotional gifts they advertised—specifically the "Welcome Gift," "Gift," and/or "Birthday Gift"— were not valued at the amounts stated by Defendants. As the sole entity responsible for the advertising., design, marketing, selection, sourcing, and fulfillment of these promotional campaigns, Defendants were in a superior position to know the true nature and actual value of the items provided. This information was not available to consumers, including Plaintiff, at the time of purchase and was exclusively within Defendants' control.

47.    Defendants' advertising and marketing of the promotional gifts led to, and continues to lead to, reasonable consumers, including Plaintiff, believing

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

that the "Welcome Gift," "Gift," and/or "Birthday Gift" provided in connection with qualifying purchases are valued at the amounts stated by Defendants, such as $24 or $35, rather than low-value sample items. These representations caused consumers to form reasonable but false impressions about the nature and value of the promotional gifts.

48.    Plaintiff and the California Subclasses have suffered injury in fact and have lost money or property as a direct result of, and in reliance upon, Defendants' representations regarding the value of the gifts. Specifically, Plaintiff and the California Subclass paid for products from Defendants believing they would receive promotional gifts valued as stated by Defendants, but instead received items of substantially lesser value, resulting in economic loss.

49.    Defendants' conduct, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices pursuant to the UCL. The UCL prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising." Cal. Bus & Prof. Code § 17200. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code section 17200.

50.    Defendants failed to avail itself of reasonably available, lawful alternatives to further its legitimate business interests.

51.    All of the conduct alleged occurred in Defendants' business.

52.    Defendants' wrongful conduct is part of a pattern, practice and/or generalized course of conduct.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

53.    Pursuant to Business and Professions Code sections 17203 and 17535, Plaintiffs and the members of the California Subclasses seek an order of this Court enjoining Defendants from engaging, using, or employing the challenged deceptive advertising, marketing, and promotional practices alleged herein. Likewise, Plaintiff and the members of the California Subclasses seek an order requiring Defendants to fully disclose the true nature and value of their Welcome Gift, Gifts and/or Birthday Gifts, and to prevent Defendants from continuing to omit or conceal the existence and significance of Defendants' misrepresentations.

54.    As a direct and proximate result of Defendants' misconduct in violation of the UCL, Plaintiff and members of the California Subclasses have been harmed in an amount equal to the purchase price they paid for Alo's products which were purchased in reliance on the promise of Welcome Gifts and/or Gifts valued at certain amount, but were instead provided gifts of substantially lesser value. In addition, as a direct and proximate result of Defendants' misconduct in violation of the UCL, Plaintiff and members of the California Subclasses have suffered harm in an amount equal to the difference between the represented value of the Welcome Gifts, Gifts, and/or Birthday Gifts and the actual, substantially lesser value of the products they received.

55.    Plaintiff and the California Subclasses have suffered and continue to suffer economic losses and other damages and any interest that would have accrued thereon, all in an amount to be proven at trial. Accordingly, Plaintiff seeks monetary relief in the form of restitution and/or disgorgement of Alo's ill-gotten gains to compensate Plaintiff and the California Subclasses, as well as injunctive relief to prevent Alo from continuing these deceptive promotional practices.

**"Unfair" Prong**

56.    Under the UCL, a challenged activity is "unfair" when "any injury it

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

57. Defendants' actions of advertising the Welcome Gift, Gift, and/or Birthday Gift as having specific monetary values do not confer any benefit to consumers. Instead, these practices cause injury to consumers, who do not receive gifts commensurate with their reasonable expectations, effectively overpay for Alo's products, and receive gifts of substantially lesser value than promised. Consumers cannot avoid the harm caused by Defendants' deceptive advertising and marketing of these gifts. Accordingly, the injuries caused by Defendants' deceptive promotional practices far outweigh any purported benefits.

58. Defendants' actions of advertising the Welcome Gift, Gift, and/or Birthday Gift as having specific monetary values do not confer any benefit to consumers. Rather, these practices cause injury to consumers, who do not receive these promotional gifts commensurate with their reasonable expectations, are induced to purchase more Alo's products, and receive gifts of substantially lesser value than promised. Consumers cannot avoid the injuries caused by Defendants' deceptive advertising and marketing of these promotional gifts. Accordingly, the injuries caused by Defendants' deceptive promotional practices outweigh any purported benefits.

59. Some courts conduct a balancing test to determine whether challenged conduct constitutes unfair business practices under California Business and Professions Code section 17200 by weighing the utility of the defendant's conduct against the gravity of harm to the alleged victim. See *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

60. Here, Defendants' conduct of advertising promotional gifts at specific monetary values, while providing gifts of substantially lesser value, has no legitimate utility and financially harms purchasers. Thus, the utility of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

16

Defendants' conduct is vastly outweighed by the gravity of the harm suffered by consumers.

61.    Some courts require that unfairness be tethered to a legislative policy or proof of actual or threatened impact on competition. *See Lozano v. AT&T Wireless Servs. Inc.*, 504 F.3d 718, 735 (9th Cir. 2007).

62.    Defendants' advertising and marketing of the promotional gifts, as alleged herein, is deceptive, misleading, and unreasonable, and constitutes unfair conduct. Defendants knew or should have known that their promotional practices were unfair. Defendants' misrepresentations regarding the value of the Welcome Gift, Gift, and/or Birthday Gift constitute unfair business practices within the meaning of California Business and Professions Code section 17200.

63.    Reasonably available alternatives existed to further Defendants' legitimate business interests without engaging in the deceptive promotional practices alleged herein. Defendants could have accurately represented the value and nature of their promotional gifts. All such conduct occurs in Defendants' business operations and is part of a repeated pattern or generalized course of conduct.

64.    Pursuant to Business and Professions Code section 17203, Plaintiff and the California Subclasses seek an order from this Court enjoining Defendants from engaging in, using, or employing the challenged advertising and marketing practices.

65.    Plaintiff and the California Subclasses have suffered injury in fact and lost money as a result of Defendants' unfair conduct. Plaintiff and the California Subclasses paid an unwarranted premium for Alo's products based on the promise of receiving promotional gifts valued at certain amounts, for example $24 for Welcome Gift. Plaintiff and the California Subclass would not have purchased Alo's products, or would have paid substantially less, had they known that the promotional gifts they received were of substantially lesser value than

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

represented. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of Defendants' ill-gotten gains pursuant to the UCL.

**"Fraudulent" Prong**

66. The UCL considers conduct fraudulent (and prohibits such conduct) if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

67. Defendants used representations concerning the "Welcome Gift," "Gift," and/or "Birthday Gift"—including stated monetary values such as "$24 value" or "$35 value"—with the intent to induce purchases from consumers, including Plaintiff and the California Subclasses. These representations were deceptive, and Defendants knew or should have known that the promotional items provided were of substantially lesser value than advertised. These misrepresentations were material and likely to mislead reasonable consumers into making purchases they otherwise would not have made.

68. As alleged herein, Defendants' misrepresentations regarding the nature and value of the promotional gifts constitute fraudulent business practices in violation of California Business and Professions Code section 17200.

69. Plaintiff and the California Subclasses reasonably and detrimentally relied on Defendants' representations concerning the value of the "Welcome Gift," "Gift," and/or "Birthday Gift." Based on these representations, Plaintiff and members of the California Subclasses made purchases from Defendants that they otherwise would not have made, or would have paid less for, had they known the true nature and value of the promotional items.

70. Defendants had reasonably available alternatives to further their legitimate business interests without engaging in the deceptive conduct alleged herein. Defendants could have accurately disclosed the true value and nature of the promotional gifts, refrained from assigning specific dollar values to these items, or not required certain threshold of purchases in order to earn the gifts. All

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  of the conduct alleged occurred in the course of Defendants' business operations

2  and reflects a repeated pattern or generalized course of conduct.

3      71.    Pursuant to California Business and Professions Code section 17203,

4  Plaintiff and the California Subclasses seek an order from this Court enjoining

5  Defendants from continuing to engage in the deceptive promotional practices

6  described herein.

7      72.    Plaintiff and the California Subclasses have suffered injury in fact

8  and have lost money as a direct result of Defendants' fraudulent conduct.

9  Specifically, Plaintiff and members of the California Subclasses made purchases

10  from Defendants based on the belief that they would receive promotional gifts at

11  certain value, such as, $24 or $35, when in fact the items provided were of

12  substantially lesser value. Plaintiff and the California Subclasses would not have

13  made Alo purchases, or would have paid significantly less, had they known the

14  truth. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of

15  Defendants' ill-gotten gains pursuant to the UCL.

16  **"Unlawful" Prong**

17      73.    The UCL identifies violations of other laws as "unlawful practices

18  that the unfair competition law makes independently actionable." *Velazquez v.*

19  *GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

20      74.    The UCL identifies violations of other laws as "unlawful practices

21  that the unfair competition law makes independently actionable." *Velazquez v.*

22  *GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

23      75.    Defendant's advertising and promotional practices, as alleged herein,

24  violate California Civil Code §§ 1750, et seq. (the "CLRA") and California

25  Business & Professions Code §§ 17500, et seq. (the "FAL"), as further set forth

26  below in the causes of action specific to those statutes.

27      76.    Additionally, Defendant's use of the "$24 Welcome Gift" or other

28  "Gift" and/or "$35 Birthday Gift" representations to induce consumer purchases

violates California Civil Code §§ 1572 (actual fraud), 1573 (constructive fraud), 1709–1710 (fraudulent deceit), and 1711 (deceit upon the public), as alleged herein. These misrepresentations were knowingly made to mislead consumers regarding the value of promotional "gifts" in order to drive sales.

77.     Defendants'     conduct     in     making     the     above-described misrepresentations constitutes a knowing failure to adopt and implement lawful marketing and advertising policies in accordance with applicable consumer protection laws. This practice confers an unfair competitive advantage on Defendants over companies who truthfully advertise their promotions, thereby constituting unfair, unlawful, and fraudulent business practices under California Business & Professions Code §§ 17200–17208. Defendants' failure to disclose that the "gifts" were in fact low-value product samples, rather than full-sized items of the stated value, further constitutes material omissions in violation of California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

78.     Defendants' website representations, customer service responses, and promotional materials were deceptive, misleading, and unreasonable, and constitute unlawful and unfair conduct. Defendants knew or should have known that consumers would rely on the advertised dollar value of the "Welcome Gift" and/or "Birthday Gift" in making purchasing decisions.

79.     Defendants had readily available, lawful alternatives to achieve its marketing objectives, such as accurately describing the promotional items as small samples or omitting misleading references to specific monetary values. Defendants instead chose to misrepresent the promotional items as having substantial cash value in order to induce higher-value purchases.

80.     The wrongful conduct alleged herein occurred in the course of Defendants' business and is part of a generalized and ongoing pattern of deceptive promotional practices aimed at increasing sales.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

81.    Pursuant to Business and Professions Code § 17203, Plaintiff and the California Subclasses seek an order enjoining Defendants from continuing the misleading promotional practices described herein, including the false and deceptive advertising of promotional "gifts" as having a specific value.

82.    Plaintiff and the California Subclasses suffered injury in fact and lost money as a direct result of Defendants' unlawful conduct. Plaintiff and members of the Subclasses paid more than they otherwise would have paid—or made purchases they would not have made at all—had they known that Defendants' advertised "gifts" were not, in fact, of the represented value. Plaintiff and the California Subclasses seek restitution, damages, and/or disgorgement of Defendant's ill-gotten gains pursuant to the UCL.

## SECOND CAUSE OF ACTION
### Violations of the California False Advertising Law
### Cal. Bus. & Prof. Code §§ 17500, *et seq.*
### (On Behalf of the California Subclasses)

83.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

84.    The False Advertising Law, codified at Cal. Bus. & Prof. Code sections 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

85.    Defendants violated Section 17500 when they advertised and marketed its "Welcome Gift" or "Gift" and/or "Birthday Gift" promotions using unfair, deceptive, and misleading representations regarding the value of these promotional items. Specifically, Defendants represented that consumers would receive "gifts" at a certain value, for instance $24 or $35, respectively, in connection with qualifying purchases. These representations were materially false and misleading because the items delivered were sample-sized products of nominal value—far less than the advertised value. These misrepresentations were material in that they were likely to, and did, mislead reasonable consumers—

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

including Plaintiff—into making purchases they would not otherwise have made.

86. In making and disseminating the representations alleged herein, Defendants knew or should have known that their claims regarding the value of the "Welcome Gift" or "Gift" and/or "Birthday Gift" were false or misleading. Defendants acted in violation of Section 17500 by making these representations without a reasonable basis and without disclosing the true nature or actual value of the promotional items.

87. Defendants had exclusive knowledge of the true identity, size, and market value of the promotional "gifts." As the seller, manufacturer, and marketer of its own products and promotions, Defendants were in a superior position to know that they were delivering low-cost product samples, not full-sized items as reasonably expected based on the advertised value. This asymmetry of information further misled consumers and placed them at an unfair disadvantage.

88. Defendants' representations regarding the value of the promotional "gifts" were specifically designed to induce consumers, including Plaintiff and members of the California Subclasses, to spend additional money on Defendants' product in order to qualify for the falsely advertised "gift." Defendants' goal was to increase average order value and conversion rates through materially misleading marketing tactics.

89. As a direct and proximate result of Defendants' false and misleading advertising in violation of the FAL, Plaintiff and members of the California Subclasses suffered economic harm. Plaintiff and Class members were misled into making purchases they otherwise would not have made and did not receive the value that was promised in connection with their qualifying transactions. Plaintiff and Class members seek monetary relief, including damages, restitution, and/or disgorgement of Defendants' ill-gotten gains, as well as injunctive relief to prevent Defendants from continuing its deceptive promotional practices in the future.

1
2
3
4

**THIRD CAUSE OF ACTION**
**Violations of the California Consumers Remedies Act**
**Cal. Civ. Code §§ 1750,** *et seq.*
**(On Behalf of the California Subclasses)**
**(Injunctive Relief)**

90.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

91.    The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

92.    The products purchased by Plaintiff and the California Subclasses from Defendants' website—along with the advertised promotional "Welcome Gifts" and "Birthday Gifts"—constitute "goods," as defined by the CLRA in California Civil Code § 1761(a).

93.    Defendants are each a "person," as defined by California Civil Code § 1761(c).

94.    Plaintiff and members of the California Subclasses are "consumers," as defined by California Civil Code § 1761(d).

95.    The purchases made by Plaintiff and members of the California Subclasses from Defendants' website constitute "transactions," as defined by California Civil Code § 1761(e).

96.    Defendants violated the following provisions of the CLRA by inducing purchases through misleading and deceptive advertising of promotional "Welcome Gifts" and "Birthday Gifts" as having specific dollar values that were not honored:

(a)    **Section 1770(a)(5)** by representing that the promotional items had characteristics, uses, or benefits—namely, a specific monetary value—which they did not have;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

(b)  **Section 1770(a)(7)** by representing that the promotional items were of a particular standard, quality, or grade, when in fact they were materially inferior (i.e., sample-sized products worth far less than advertised);

(c)  **Section 1770(a)(9)** by advertising the gifts with the intent not to provide them as advertised;

(d)  **Section 1770(a)(16)** by representing that the gifts would be provided in accordance with prior representations when they were not.

97.  Defendants' uniform representations across their website and customer communications regarding the "$24 Welcome Gift" and "$35 Birthday Gift" and/or any other "Gift" of certain value were likely to deceive reasonable consumers. Defendants knew or should have known that these representations were false and misleading at the time they were made.

98.  Defendants had exclusive knowledge of the true identity, size, and actual retail value of the items being shipped as "gifts." Defendants, as the retailers and/or manufacturers and/or marketers and/or advertisers of their own products and promotions, were in a superior position to know that they were providing low-value product samples instead of full-size products of the represented value.

99.  Defendants' conduct was malicious, fraudulent, and willful. Defendants knowingly misrepresented the nature and value of the promotional items in order to induce purchases, while withholding material information about the true value of the so-called "gifts."

100.  Plaintiff and members of the California Subclasses could not have reasonably avoided the injury caused by Defendants' misconduct. The deceptive representations were prominently displayed throughout the purchase process on Defendants' website. Plaintiff and Class members reasonably relied on these representations and would not have made qualifying purchases—or would have spent less—had they known the truth.

Class Action Complaint

101.   Plaintiff and the California Subclasses suffered harm as a result of Defendants' violations of the CLRA because they relied on the false representations regarding the promotional "Welcome Gift" and/or "Birthday Gift" in making purchase decisions. These misrepresentations were a substantial factor in Plaintiff's and Class members' decisions to transact with Defendants. The representations were material in that a reasonable consumer would have considered the promised value of the gifts important in deciding whether to complete the purchase.

102.   Pursuant to California Civil Code § 1782, on or about September 24, 2025, Plaintiff's counsel, acting on behalf of Plaintiff and all similarly situated consumers, mailed a notice and demand letter via U.S. certified mail, return receipt requested, to Defendants' headquarters at 9830 Wilshire Blvd., Beverly Hills, CA 90212, and their registered agent for service of process at 2710 Gateway Oaks Drive, Sacramento, CA 95833. The letter informed Defendants of their CLRA violations and provided an opportunity to cure. Should Defendants fail to correct or cease the unlawful practices within the statutory period, Plaintiff intends to amend this Complaint to seek actual and punitive damages under the CLRA, including but not limited to violations of Cal. Civ. Code §§ 1770(a)(5), (7), (9), and (16).

103.   Because Defendants' conduct violates California Civil Code § 1770, Plaintiff and members of the California Subclasses are entitled to and do hereby seek injunctive relief to prevent further violations of the CLRA. Plaintiff has no adequate remedy at law. Without equitable relief, Defendants' unfair and deceptive practices can continue to harm Plaintiff and the California Subclasses. Plaintiff therefore seeks an order enjoining Defendants from engaging in further unfair or deceptive marketing of promotional "gifts," and requiring them to take corrective action to dispel the false impressions created by their prior conduct.

/ / /

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## FOURTH CAUSE OF ACTION
### Breach of Warranty
### (On Behalf of the Nationwide Class and California Subclasses)

104.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

105.   By advertising and selling products through its website and promotional campaigns, Defendants made affirmations of fact and promises regarding the nature and value of the promotional "Welcome Gift" and/or "Gift" and/or "Birthday Gift" items, as described herein. These affirmations—including representations that the Welcome Gift was valued at $24 and the Birthday Gift at $35—were prominently displayed throughout Defendants' marketing, checkout flow, and customer communications. These representations constituted express warranties that became part of the basis of the bargain between Plaintiff, members of the Class, and Defendants.

106.   Defendants, as merchants and sellers of goods, further made affirmations of fact and promises that the promotional gifts would be of a certain standard and conform to the stated dollar value advertised. These representations, together with the implied warranty of merchantability, constitute express and implied warranties that the promotional gifts would match the description and quality promised—specifically, that they would be full-sized items consistent with a $24 or $35 value, and/or other stated value, not nominal sample-sized packets of low or negligible value.

107.   In breach of these express and implied warranties, the items Defendants provided as "Welcome Gifts" and/or "Gifts" and/or "Birthday Gifts" were materially different from the items advertised. The products delivered were small 0.2 fl. oz. sample packets of body wash, or other items of low or negligible value, rather than the full-sized items represented in the promotional materials or reflecting by the stated monetary value. As such, Defendants breached their

1    warranties regarding the nature, value, and quality of the "Gift" products.

2        108.   Defendants had exclusive knowledge of the true nature and value of

3    the promotional items. As the sellers and marketers of these gifts, Defendants

4    were in a superior position relative to consumers, including Plaintiff, with respect

5    to all facts concerning the size, retail value, and packaging of the gifts.

6    Defendants' control over their marketing systems and fulfillment operations gave

7    them exclusive access to information necessary to ensure the accuracy of their

8    representations, which they failed to disclose or correct.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment/Restitution**
**(On Behalf of the Nationwide Class and California Subclasses)**

12       109.   Plaintiff realleges and incorporates the allegations elsewhere in the

13   Complaint as if set forth in full herein.

14       110.   By making purchases from Defendants' website in reliance on the

15   advertised "Welcome Gift" and/or "Gift" and/or "Birthday Gift" promotions,

16   Plaintiff and members of the Class conferred a monetary benefit upon Defendants

17   in the form of purchase payments made to meet the stated gift-qualification

18   thresholds (e.g., $150 minimum purchase for a $24 gift). Defendants were aware

19   of and appreciated this benefit, as their revenue generation from these sales was

20   directly dependent on consumers acting in reliance on the promotional offers.

21       111.   Defendants had exclusive knowledge that the promotional gifts they

22   provided were not of the represented value. As the parties responsible for

23   designing, marketing, advertising and fulfilling the gift promotions, Defendants

24   were in a superior position to know and disclose the true nature, size, and value of

25   the items being shipped. Consumers, including Plaintiff, had no way of knowing

26   prior to delivery that they would receive a 0.2 fl. oz. sample packet, or other items

27   of negligible value, rather than the full-size product or other item valued at $24 or

28   $35, or other stated value, as advertised.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

27

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

112. Defendants' knowing acceptance and retention of the benefits conferred by Plaintiff and Class members is inequitable and unjust, because it was obtained through false, deceptive, and misleading representations concerning the nature and value of the promotional items. Defendants induced purchases based on misrepresentations and then failed to deliver gifts that matched the promised value, while retaining the full benefit of the sales revenue.

113. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the Class were economically harmed. They made purchases they otherwise would not have made—or spent more than they otherwise would have—had the truth been known. Plaintiff and the Class seek restitution, disgorgement of Defendants' ill-gotten gains, and other equitable relief to restore the amounts wrongfully retained by Defendants. Plaintiff also seeks injunctive relief to prevent Defendants from continuing these deceptive practices in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief and judgment as follows:

a. That this action be certified as a Class Action, Plaintiff be appointed as the representative of the Class, and Plaintiff's attorneys be appointed Class counsel;

b. For an order declaring that Defendants' conduct violates the statutes and laws referenced herein consistent with applicable law and pursuant to only those causes of action so permitted;

c. A temporary, preliminary, and/or permanent order for injunctive relief requiring Defendants to cease its unlawful advertising practices for the benefit of consumers and the public at large;

d. An order requiring imposition of a constructive trust and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and

all members of the Class and, also, to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

      e.     Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendants from retaining the benefits of its wrongful conduct;

      f.     Prejudgment and post judgment interest;

      g.     Costs of this suit;

      h.     Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure section 1021.5; and

      i.     Awarding any and all other relief that this Court deems necessary, just, equitable, and proper.

COHELAN KHOURY & SINGER

Dated: September 26, 2025     By: s/Maggie Realin
                    Isam C. Khoury/Maggie K. Realin
                    Attorneys for Plaintiff Laura Seisinger, on behalf of herself and all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands jury trial for all claims so triable.

COHELAN KHOURY & SINGER

Dated: September 26, 2025     By: s/Maggie Realin
                    Isam C. Khoury/ Maggie K. Realin
                    Attorneys for Plaintiff Laura Seisinger, on behalf of herself and all others similarly situated